**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JIMENEZ-LOPEZ, AKA Jose Pablo Jimenez-Lopez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  17-70773 <br><br> Agency No. A200-244-650 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022**
Portland, Oregon

Before:  SCHROEDER and SUNG, Circuit Judges, and ANTOON,*** District Judge.

Petitioner Jose Jimenez-Lopez, a native of Mexico, petitions for review of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We review the agency's factual findings for substantial evidence and its conclusions of law de novo. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We dismiss the petition for review of the denial of asylum for lack of jurisdiction and deny the petition as to the BIA's denial of withholding of removal and CAT protection.

The Immigration Judge (IJ) concluded that Jimenez-Lopez was ineligible for asylum because he failed to apply within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Jimenez-Lopez failed to address that ruling before the BIA, and the BIA considered the issue to be waived. We therefore lack jurisdiction to consider Jimenez-Lopez's eligibility for asylum. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) ("Petitioner will . . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.").

As to withholding of removal, the BIA concluded that Jimenez-Lopez had not suffered past persecution and that he did not establish a clear probability of future persecution. Substantial evidence supports the agency's determination that the threats that Jimenez-Lopez suffered in Mexico did not rise to the level of past persecution. *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("Our court generally

treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself."). Substantial evidence also supports the agency's determination that Jimenez-Lopez did not establish a clear probability of future persecution in Mexico. Jimenez-Lopez was never physically harmed in Mexico, and his family continues to live there unharmed. Further, there is no evidence that the individuals who threatened him over ten years ago are still interested in him. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 747 (9th Cir. 2006) (petitioner established a well-founded fear of future persecution because of threats, "but not the clear probability of it"); *Kaiser v. Ashcroft*, 390 F.3d 653, 660 (9th Cir. 2004) (petitioner did not establish clear probability of future persecution when he was placed on a hit list, shot at on two occasions, and threatened in two different cities on opposite sides of the country).

Additionally, the BIA concluded that Jimenez-Lopez was ineligible for withholding of removal because he could safely relocate within Mexico. *See* 8 C.F.R. § 1208.16(b)(2) ("[A]n applicant cannot demonstrate that his or her life or freedom would be threatened if the asylum officer or immigration judge finds that the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so."). That conclusion is supported by evidence that Jimenez-Lopez's family still lives in

Mexico without harm and that Jimenez-Lopez was able to safely relocate within Mexico for three months before entering the United States.

Substantial evidence further supports the agency's denial of CAT relief. Because Jimenez-Lopez failed to show a clear probability that he will be persecuted if returned to Mexico, as discussed above, he cannot meet the higher threshold for showing a probability of torture. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is more severe than persecution." (quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018))).

Lastly, to the extent that Jimenez-Lopez argues that the BIA's streamlined decision violated his Fifth Amendment due process right, that argument is without merit. *Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1323 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**